# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE, )
)
        Plaintiff, )
        *ex rel.* )
)
WILLIAM SEAN FRENCH )    **C.A. No. N13C-06-289 PRW CCLD**
)
        Plaintiff-Relator, )
        Petitioner, )
v. )
)
CARD COMPLIANT, LLC, )
        Defendants, )
        Respondent. )

Submitted: May 11, 2017
Decided: May 18, 2017

## ORDER REFUSING TO
## CERTIFY AN INTERLOCUTORY APPEAL

This 18th day of May, 2017, upon consideration of Plaintiff-Relator William

Sean French's ("Relator") application under Rule 42 of the Supreme Court for an

order certifying an appeal from the interlocutory order of this Court, dated April

21, 2017,[1] it appears to the Court that:

---

[1]     *See* Order on Defs. Ralph Lauren Corp., Ruth's Hospitality Grp., and Shell Oil Co.'s Mots. to Dismiss or, in the Alternative, for Summ. J., *State ex rel. French v. Card Compliant, LLC, et al.*, 2017 WL 1483523 (Del. Super. Ct. Apr. 21, 2017).

(1)    This is a *qui tam* civil action originally brought by Plaintiff-Relator William Sean French in June 2013.[2]   The State intervened in July 2014.[3] Defendant Ruth's Hospitality Group ("Ruth's") moved to dismiss the State's Complaint for lack of subject matter jurisdiction, citing 6 *Del. C.* § 1206(b) – the Administrative Proceedings Bar of the Delaware False Claims and Reporting Act.[4] The State and the Relator timely filed a response in opposition to Ruth's motion.[5] The Court recently granted Ruth's motion to dismiss.[6]

(2)    The Relator has now applied, under Delaware Supreme Court Rule 42, for this Court to certify its grant of Ruth's dismissal motion for lack of subject matter jurisdiction to the Supreme Court.[7]   The Relator maintains that this Court has subject matter jurisdiction over his action against Ruth's, maintains that jurisdiction was not divested by operation of former 6 *Del. C.* § 1206(b), and

---

[2]     *See* Compl. (D.I. 1).

[3]     *See id.*

[4]     DEL. CODE ANN. tit. 6, § 1206(b) (2012). *See* Def. Ruth's Hospitality Grp.'s Br. in Supp. of its Mot. to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative for Summ. J. (Del. Super. Ct. Aug. 26, 2016) (D.I. 455) [hereinafter Ruth's Br].

[5]     *See* Pls.' Opp'n to Ruth's Br. (Del. Super. Ct. Sept. 22, 2016) (D.I. 479).

[6]     *See* Order, 2017 WL 1483523.

[7]     *See* Pl.'s Appl. for Certification of Interlocutory Appeal 1 (D.I. 600) [hereinafter Pl.'s Appl.].   Consistent with Rule 42(d)(i), the Relator has also filed a notice of appeal with the Delaware Supreme Court. *See* Pl.'s Notice of Appeal from Interlocutory Order, No. 205, 2017 (Del. May 17, 2017). Action on that notice awaits the filing of a supplemental notice under Rule 42(d)(ii). *See* Ltr. from Clerk of Del. Supr. Ct. to All Parties Regarding Interlocutory Appeal (Del. May 17, 2017) (D.I. 620).

claims that his application meets the criteria listed in Rules 42(b)(i)[8] and 42(b)(iii)(A) and (H).[9]

(3)    Under Rule 42, the Court must: (a) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[10] (b) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[11] (c) consider the Court's

---

[8]    *Id.* at 4. *See* Del. Sup. Ct. R. 42(b)(i) (2016) ("No interlocutory appeal will be certified by the trial court or accepted by [the Supreme Court] unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

[9]    Pl.'s Appl. at 4. *See* Del. Sup. Ct. R. 42(b)(iii)(A) (2016) ("The interlocutory order involves a question of law resolved for the first time in this State . . . ."); *id.* at (H) ("Review of the interlocutory order may serve considerations of justice."); *id.* ("[T]he trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.").

[10]    Del. Supr. Ct. R. 42(b)(i) (2016).

[11]    Del. Supr. Ct. R. 42(b)(iii) (2016)

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>
> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a

own assessment of the most efficient and just schedule to resolve the case; and then (d) identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[12]

(4)    The Relator requests the Court's certification of its April 21, 2017 grant of Ruth's motion to dismiss.[13] The Court considers the Relator's application under the rigorous standards of Rule 42.[14]

(5)    The Court must first determine if the order that the Relator seeks certification of "decides a substantial issue of material importance that merits

significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.

---

[12]    *Id.* Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii) (2016).

[13]    *See* Pl.'s Appl. 1.

[14]    *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")).

appellate review before a final judgment."[15] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[16] The Delaware Supreme Court has before refused to entertain interlocutory appeals of dismissal for lack of subject matter jurisdiction.[17] And the Delaware Superior Court has before held that "lack of subject matter jurisdiction is a question of justiciability not involving an adjudication on the merits."[18] That might end it there. But engaging the remainder of the Rule 42 analysis further convinces the Court that certification for interlocutory review is not in the interests of justice in this case and should be refused.

(6) The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why

---

[15] Del. Supr. Ct. R. 42(b)(i) (2016).

[16] *Id.* *See Sprint Nextel Corp. v. iPCS , Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

[17] *See, e.g., Evans v. O'Brien*, 2010 WL 5050545, at *1 (Del. Dec. 9, 2010) (refusing to grant interlocutory appeal of grant of partial summary judgment and dismissal of claims for lack of subject matter jurisdiction); *Prison Health Servs., Inc. v. BCE Emergis Corp.*, 2001 WL 819598, at *1 (Del. July 12, 2001) (refusing to grant interlocutory appeal of a denial of a motion to dismiss for lack of subject matter jurisdiction); *Mitchell v. Sussex Cnty.*, 1995 WL 715829, at *1 (Del. Nov. 3, 1993) (Regarding an appeal of subject matter jurisdiction, the Court stated, "this Court has concluded that exceptional circumstances do not exist in this case to merit interlocutory review [of the decision.]").

[18] *Elder v. El Di, Inc.*, 1997 WL 364049, at *8 (Del. Super. Ct. Apr. 24, 1997) (citing *Lomax v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 870, 874 (D. Del. 1991) (applying Delaware law), *rev'd on other grounds* 964 F. Supp. 1343 (1992)).

the likely benefits . . . outweigh the probable costs, such that interlocutory review is in the interests of justice."[19] Here, the Relator argues that two of the eight factors are met. But the Court does not find that these two (of eight) factors warrant granting his certification request when considering the totality of the circumstances.[20]

(7) The Court agrees that its decision involved an issue of first impression. It is true that "Delaware authority interpreting the DFCRA is scant."[21] In making its April 2017 decision on the then-pending dismissal motions, the Court looked both to other states' and federal authority interpreting similar statutory provisions.[22] Those sources were of little help. Still, though on-point case law is nowhere to be found, the Court here was able to apply an earlier decision from this very case – rendered by the prior judge when he dismissed a former co-defendant – to the facts of Ruth's VDA.[23] While a novel issue, to resolve Ruth's motion, the Court was applying a now-amended statute,[24] to a unique set of circumstances, in a

---

[19] Del. Supr. Ct. R. 42(b)(iii) (2016).

[20] *See* Del. Supr. Ct. R. 42(b) (2016) ("If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.").

[21] *State ex rel. French v. Card Compliant, LLC, et al.*, 2015 WL 11051006, at *6 (Del. Super. Ct. Nov. 23, 2015).

[22] *See* Order, 2017 WL 1483523, at *11–12.

[23] *See Card Compliant*, 2015 WL 11051006, at *8–9.

[24] *See* Order, 2017 WL 1483523, at *1 n.3, *12.

-6-

rarely-brought species of state civil action. The usual institutional import of a statutory-interpretation decision that might lead to weightier consideration of the Rule 42(b)(iii)(A) and (C) factors is missing here.

(8) Nor does the Court believe that certification would promote the most efficient and just schedule to resolve this case. In fact, the Relator's own suggestion of avoiding duplicate trials is somewhat illusory. He states specifically that he "reserves his right" to appeal, after final judgment, the Court's dismissal granted to the two other Defendants who were let go when Ruth's was.[25] Obviously, if this matter proceeded to trial and final judgment, the Realtor's appeal of the dismissal of those two Defendants would seek their reinstatement for a second trial. So he'd have the Court: (a) delay the case on all remaining Defendants while he seeks to get Ruth's back into the litigation; (b) (hopefully) have trial of Ruth's and those remaining Defendants; (c) prosecute appeal proceedings thereafter to then try to reinstate Ruth's co-Dismissees; and (d) then have a second trial of just those two? That's piecemeal litigation. The posited benefits of the interlocutory review the Relator now seeks simply do not outweigh the probable costs, such that the proposed interlocutory review is in the interests of

---

[25] Pl.'s Appl. at 3, n. 7. *See* Order, 2017 WL 1483523, at *13–14 (granting dismissal on precisely the same basis to Ralph Lauren and Shell).

justice. The Court finds, therefore, that the Relator has failed to meet the strict standards for certification under Rule 42.[26]

(9) "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[27] This case is not exceptional. And so the Court must refuse to certify this interlocutory appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff-Relator William Sean French's Application for Certification of Interlocutory Appeal is hereby **DENIED.**

**Paul R. Wallace, Judge**

Original to Prothonotary
cc: All counsel via File & Serve

---

[26] *See, e.g., Liberty Mut. Ins. Co. v. Silva-Garcia*, 2012 WL 4165653, at *3 (Del. Super. Ct. Sept. 5, 2012) ("[B]efore the Supreme Court will accept an interlocutory appeal, the party seeking the appeal must adhere to the strict requirements set forth in the rule.").

[27] Del. Supr. Ct. R. 42(b)(ii) (2016).